[No. 11585-5-I.   Division One.   December 5, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
L. VAUGHN, *Appellant*.

*Paris K. Kallas* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara L. Linde, Deputy,* for respondent.

WILLIAMS, J.—After a juvenile court factfinding hearing, George L. Vaughn was found guilty of one count of robbery in the first degree and one count of robbery in the second degree. He appeals, alleging error in the admission of identification testimony. We affirm.

The facts relative to the first charge are these: Fourteen–year–old Jason Finn and a fifteen–year–old friend were chased and beaten by four older juveniles in the vicinity of Garfield High School in Seattle. Several minutes after the beatings, the attackers reappeared and beat the boys again, this time stealing property from them. Finn identified Vaughn at a police lineup and in court as one of the robbers. He testified, however, that he was not sure whether he would have been able to make the in–court identification if he had not previously identified Vaughn at the lineup.

Ronald Williams, testifying for the prosecution, stated that he was one of the juveniles who robbed Finn and that Vaughn, whom he positively identified in court, initiated the attack and participated in it throughout.

A police officer also testified, stating that Vaughn and his accomplices were stopped by police within 80 minutes of the attack and were, at that time, dressed as Finn and his friend had described.

The facts relative to the second charge are these: Thirteen–year–old Chris Meyer was attacked and robbed by two older juveniles in the vicinity of Garfield High School. Meyer picked Vaughn out of a police lineup and identified him in court as one of the robbers. Meyer testified that the fact that he had identified Vaughn at the lineup made it easier to identify him in court. He further testified that, based on his observations of the robbers at the time of the offense, he would have "tentatively" identified Vaughn in court even if no lineup had been held.

■ The sole issue on appeal is whether the trial court erred by allowing Finn and Meyers to identify Vaughn in court as one of the robbers, Vaughn contending that the victims did not have sufficient observations of the robbers

to allow the in–court identifications.[1] ER 602 provides, in pertinent part:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself.

In applying ER 602:

The role of the judge is limited to determining whether under the circumstances proved, reasonable persons could differ as to whether the witness had an adequate opportunity to observe the facts in question. If reasonable minds could differ, the testimony of the witness should come in. The judge should exclude the testimony only if, as a matter of law, no trier of fact could reasonably find that the witness had firsthand knowledge.

(Footnotes omitted.) 5 K. Tegland, Wash. Prac., *Evidence* § 219, at 453 (2d ed. 1982).

There is no requirement that a witness be completely positive in his affirmative testimony. *State v. Denby,* 143 Wash. 288, 295, 255 P. 141 (1927). The influence of the properly conducted lineup procedures upon the witnesses' in–court identifications simply raised a question as to the weight to be assigned by the trier of fact to their testimony. The trial court did not abuse its discretion by determining that both witnesses had adequate opportunities to observe the facts and gain sufficient personal knowledge of their attacker's identity to allow the in–court identifications.

Affirmed.

ANDERSEN, C.J., and SCHOLFIELD, J., concur.

Review granted by Supreme Court February 3, 1984.

---

[1]Because Vaughn does not allege any impropriety in the pretrial identification procedures, no due process question is presented. *See Manson v. Brathwaite,* 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977).